Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1267 | **DATE** | December 19, 2003 |
| **CASE TITLE** | Karriem Bey     v     John E. Potter, etc. | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|
| | |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, the instant suit is time-barred and defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 22 2003 | |
| | Notified counsel by telephone. | | date docketed | 49 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 DEC 19 AM 3:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARRIEM BEY, )
)
    Plaintiff, )
)
    v. ) No. 02 C 1267
)
) Judge Robert W. Gettleman
JOHN E. POTTER, Postmaster General, United )
States Postal Service, )
)
    Defendant. )

DOCKETED
DEC 2 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Karriem Bey has sued his employer, John Potter, Postmaster General, alleging race and religious discrimination in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000 et. seq. Defendant has moved for summary judgment arguing: (1) that plaintiff's case is time-barred; and (2) plaintiff cannot establish a prima facie case of discrimination. Because the court concludes that plaintiff's claims are untimely, defendant's motion is granted.

## FACTS

Plaintiff is a 43 year old black male who has worked at the Chicago Bulk Mail Center in Forest Park, Illinois, since 1979. Following an altercation with a superior on June 7, 1997, plaintiff received a notice of removal for conduct unbecoming a postal employee, threatening or intimidating employees, and failure to follow instructions. Plaintiff grieved the removal, which was overturned after an arbitration hearing. Pursuant to the arbitrator's decision, the postal service reduced plaintiff's removal to a 30 days suspension and, on April 1, 1999, reinstate plaintiff an awarded him full back pay except for the 30 days.

In addition to grieving the removal, on November 25, 1997, plaintiff filed an EEO complaint (Case No. 1J-609-0050-97) alleging that the removal was impermissibly based on his race and/or religion. The postal service investigated and issued a Final Agency Decision ("FAD") denying plaintiff's claim, holding that plaintiff had failed to prove that a discriminatory motive prompted the postal service's action.

The FAD was issued and mailed to plaintiff via regular and certified mail on July 28, 1999. The final page of the decision notified plaintiff that if he was dissatisfied with the FAD he could file a civil action in the United States District Court within 90 calendar days of receipt of the decision or, alternatively, he could file an appeal to the Equal Employment Opportunity Commission ("EEOC") within 30 calendar days of receipt of the FAD.

Plaintiff admits that he received the FAD, but claims he has no independent memory of when. Plaintiff filed an appeal with the EEOC on September 10, 1999. That appeal was dismissed as untimely on August 10, 2001. Plaintiff filed a motion to reconsider that denial which was also denied on November 19, 2001.

## DISCUSSION

As provided in the notice, after receipt of the FAD plaintiff had either 90 days to file a civil action in the District Court, 29 CFR 51614.407(a), or 30 days to file an appeal with the EEOC. See e.g. Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999). Because the date of actual receipt by plaintiff of the FAD is unknown, the law presumes that receipt occurs within five days after mailing. See Joyce v. HHL Financial Services, Inc., 1994 WL 494826 (N.D. Ill. 1994) (and cases cited therein); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984) (Presuming receipt of the EEOC Right-to-Sue Letter three days after mailing pursuant to Fed.

2

R. Civ. P. 6(e)). Because plaintiff claims to have no memory of receipt of the FAD, the court presumes that he received it on August 3, 1999. Therefore, plaintiff had until September 2, 1999, to appeal to the EEOC, or until November 2, 1999, to file in the district court.

Plaintiff elected to appeal to the EEOC. He did so on September 10, 1999, or eight days late. Accordingly, the appeal was dismissed as untimely. Reconsideration of that decision was denied on November 19, 2001. His complaint in the instant suit was filed on February 21, 2002, well outside the 90 day limit.

Plaintiff attempts to argue that he received the FAD on August 14, 1999, meaning the appeal was timely filed within 30 days and, therefore, the instant complaint was filed within 90 days of receipt of the final EEOC decision denying the motion to reconsider. To establish the timeliness of his original appeal, plaintiff provides an envelope in which he "believes" he received the FAD. The envelope is dated August 14, 2000, however, and plaintiff's only explanation for this is that the year noted on the postmark must be incorrect. The envelope bears the certified mail no. 7000-0520-0015-0004-2925. In March 2000 plaintiff began a separate EEOC proceeding in Case No. IJ-009-0029-00. The record evidence demonstrates that the Postal Service EEO office sent plaintiff a letter regarding this claim by certified mail no. 7000-0520-0015-0004-2925. Obviously, the August 14, 2000, envelope was not improperly postmarked, and did not contain the FAD in question. Because plaintiff cannot rebut the presumption that he received the FAD on August 3, 1999, he cannot establish that the EEOC appeal was timely. Therefore, even if the instant suit was filed within 90 days of the denial of reconsideration, it too is untimely. The 90 days from receipt of an EEOC decision in which to file an action in the district court is available only if the underlying EEOC

appeal is not time-barred. Conway v. Runyon, 1995 WL 88976 at *2 (N.D. Ill. 1995); Demesme v. Frank, 753 F. Supp. 187, 189 (N.D. La. 1990).

For the reasons set forth above, the instant suit is time-barred and defendant's motion for summary judgment is granted.

**ENTER:**     **December 19, 2003**

                                                    **Robert W. Gettleman**
                                                  **United States District Judge**